## CUMMINGS' PETITION.

A petition for naturalization, under the first section of the act of March 26, 1824, must allege it to have been the *bonâ fide* intention of the applicant, for three years next preceding his application, to become a citizen of the United States; and such allegation must be proved to the satisfaction of the court.

It is not necessary, in a petition for naturalization under the act of April 14, 1802, for the applicant to allege or prove that he has resided within the State or Territory where the application is made, during the year next preceding his application.

The facts of the case sufficiently appear in the opinion of the court.

FOWLER, J. This was a petition by Robert Cummings for naturalization, filed under the provisions of the first section of the act of Congress of March 26, 1824, which are, substantially, that an alien minor, residing in the United States during three years of his minority, and continuing to reside therein to the time of his application to be admitted as a citizen, may, after arriving at the age of twenty-one years, and after having resided five years within the United States, including the three years of his minority, be admitted to citizenship, without having made any previous declaration of his intention to be thus admitted, upon alleging and proving, to the satisfaction of the court before which the application is made, the foregoing facts, and the further fact, that, for three years next preceding his application, it has been his *bonâ fide* intention to become a citizen of the United States, &c.

The present petition alleges, in substance, that the petitioner came to reside with his father's family at Lancaster, in this county, in June, 1848, when he was a minor under the age of eighteen years; that he resided in said Lancaster until August, 1857, and afterward lived in various parts of the United States until August, 1859,

when he returned to his father's family in Northumberland, in this county, where he has since remained. The petition was filed and sworn to in this court, April 30, 1860.

There is no allegation in the petition that it had been the *bonâ fide* intention of the applicant, for three years next prior to his application, to become a citizen of the United States, &c.; which is a clear and palpable defect, for the statute expressly requires such intention to be alleged and proved to the satisfaction of the court, and it must, therefore, be set forth in the petition. This, however, is a defect which may be readily remedied by an amended or new application.

But we understand the question intended to be raised by the transfer of this petition, was, whether or not, upon an application for naturalization by one who claims no advantage from his minority, under the first section of the act of April 14, 1802, it is necessary to allege and prove the residence of the applicant for one year next immediately preceding the application to have been in the State or Territory where the application is made, it being supposed, when the transfer was made, that the petition was filed under the last mentioned act. As the question thus designed to be raised is one of considerable practical importance in the administration of the naturalization laws, we have deemed it expedient to consider and determine it, although not properly arising upon the petition before us.

By the first section of the act of April 14, 1802, as modified by the fourth section of the act of May 26, 1824, an alien, more than eighteen years of age upon his arrival in the United States, is required, before he can be admitted to the privileges of citizenship, to prove, to the satisfaction of the court, that he has, at least two years previously, before some court of competent jurisdiction, made his declaration, under oath, of his intention to become a citizen of the United States, and to renounce

his allegiance to his former sovereign; that he has resided in the United States five years at least, and within the State or Territory where such court is at the time holden, one year at least; and that, during all that period, he has behaved as a man of good moral character, well disposed to the Constitution and government of the United States, &c. 2 U. S. Statutes at Large 153, 154.

There is nothing in the language of this act, nor in any other statute, or the decision of any court, so far as we have been able to examine, requiring the residence of one year in the State or Territory where the application for admission to citizenship is made, to have been for the year next immediately preceding; and we can see no reason, from the nature of things, why it should be for that year, rather than for either of the other five years. All the law requires is, that the applicant shall have resided five years in the United States; one year of which residence shall have been in the State or Territory where the application is made.

We are, therefore, of opinion that, in an application for naturalization under the act of April 14, 1802, it is not necessary for the applicant to allege or prove his residence for the year immediately preceding his application in the State or Territory where the court is holden; but it is sufficient for him to allege and prove such residence for any one of the five years of his residence in the United States.

The present petition, if amended in the particular suggested, will be correct; and, upon proper evidence being furnished, the applicant may be admitted to citizenship.